# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEROME ROBERT POSEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:10CV556 |
| | ) |
| ALVIN W. KELLER, JR., | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 15, 2008, Petitioner pled guilty to assault with a deadly weapon while having attained the status of a habitual felon in cases 06 CRS 98919 and 07 CRS 24446. (Docket No. 5, Resp't Br. Supp. Mot. to Dismiss, Ex. 1.) He was then sentenced to 80 to 105 months of imprisonment. (*Id*. Ex. 2.) Petitioner did not pursue a direct appeal. However, on April 29, 2008, he did file a motion that was construed by the state trial court as a motion for appropriate relief. (*Id*. Ex. 3.) When this motion was denied, Petitioner sought certiorari from the North Carolina Court of Appeals. This was denied on August 6, 2008. (*Id*. Ex. 7.) Petitioner also filed a motion for certiorari and a motion for "Judgment Summary" with the North Carolina Supreme Court. These were dismissed on February 5 and March 19, 2009, respectively. (*Id*. Exs. 8, 9.)

Petitioner next filed a second motion for appropriate relief on May 20, 2009. (*Id*. Ex. 10.) This was also denied and Petitioner again sought a writ of certiorari from the North Carolina Court of Appeals. His certiorari petition was denied on July 28, 2009. (*Id*. Ex. 14.) Approximately eleven months later, on June 28, 2009, Petitioner signed, dated, and submitted his habeas petition to prison authorities for mailing. The petition was erroneously filed in the United States District Court for the Eastern District of North Carolina, but was later transferred to this Court.

The petition raises four potential claims for relief. The first of these asserts that he did not fully understand his plea agreement and that his attorney failed to advise him that the indictment in his case was invalid. Similarly, his second claim alleges that he was not properly advised about the rights he waived by pleading guilty. His third claim states yet again that his guilty plea was not fully explained by his attorney. Finally, his fourth claim asserts that he received ineffective assistance of counsel because his attorney did not prepare a defense, did not explain the proceedings, and did not advise him about his right to appeal. Respondent has responded to the petition with a motion to dismiss. (Docket No. 4.) Despite being advised of his right to oppose that motion (Docket No. 6), Petitioner has not filed any response. Respondent's motion is now before the Court for a decision.

## **Discussion**

Respondent requests dismissal on the ground that the Petition was filed outside of the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this

argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> > (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir.), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2999 (2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of

Petitioner's underlying conviction ended. Here, Petitioner did not file a direct appeal. Therefore, his conviction became final, at the latest, when the time for him to file any possible appeal expired. This occurred fourteen days after the entry of his judgment, or January 29, 2008. See N.C.R. App. P. 4(a).[1]

Petitioner's time to file in this Court began to run on January 29, 2008 and continued to run for three months until he filed his first motion for appropriate relief on April 29, 2008. This motion tolled the running of the limitation period. It then remained tolled while state post-conviction proceedings were pending. *See Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Respondent argues that the limitation period should be tolled only through the denial of Petitioner's first petition for certiorari with the North Carolina Court of Appeals. This argument is well-taken, however, it again makes no difference. Even if the Court considered Petitioner's filings with the North Carolina Supreme Court to toll the period, they were denied by March 19, 2009. The year to file in this Court then began to run again and ran for two months, or until May 20, 2009, when Petitioner filed his second motion for appropriate relief. By that time five months of his year to file had expired, leaving him seven months to file in this court. On July 28, 2009, Petitioner's second petition for certiorari was denied by the North Carolina Court of Appeals. His time to file began to run again, and then expired

---

[1] Respondent argues that Petitioner's conviction became final on the date judgment was entered due to the fact that he did not file an appeal. Because the fourteen day appeal period makes no difference in this case, the Court need not decide the issue, but will give Petitioner the benefit of the doubt in this case.

seven months later.  Petitioner did not file his habeas petition until June 28, 2010, which was four months after his time to file expired using even the most generous calculations.

As stated above, Petitioner has filed nothing to contest the calculations set out above or to deny that his petition was filed outside of the allowed one-year time period.  Still, when asked in the petition form why his petition was not time barred, Petitioner answered that he was proceeding pro se, that he does not understand the law or legal proceedings, and that he was denied access to transcripts.  Although Petitioner does not explicitly use the term, these statements appear to be an argument in favor of equitable tolling.

The Supreme Court has determined that the one-year limitation period imposed by § 2244(d) is subject to equitable tolling.  *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010).  Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  Likewise, a mere mistake by counsel does not warrant equitable tolling.  *See Holland*, 130 S. Ct. at 2564.  Nor do prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling.  *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004); *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009), *appeal dismissed*, No. 09-6700, 2010 WL 3736256 (4th Cir. Sept. 21, 2010).

Here, Petitioner's first equitable tolling argument is that he has been proceeding *pro se* and does not understand legal proceedings. As just noted, this does not qualify as "extraordinary circumstances." Petitioner's second argument is that he was denied access to a transcript. This argument is flawed because, despite Petitioner's alleged lack of access, he did manage to pursue his case in the state courts and file his petition in this Court. As noted by Respondent, courts have rejected arguments that a lack of transcripts tolls the AEDPA time limit where, as here, a petitioner is able to file without them.[2] *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001). Petitioner is not entitled to equitable tolling. His petition is untimely and should be dismissed as such.

For reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion to dismiss (Docket No. 4) be granted and that the habeas corpus petition of Jerome Robert Posey (Docket No. 2) be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 26, 2010

---

[2] To the extent that Petitioner could be using the lack of transcripts to claim a State-created impediment which would alter the starting of the one-year period to file under § 2244(d)(1)(B), this argument also fails. *See Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002).